```
                  UNITED STATES DISTRICT COURT
                          FOR THE
                     DISTRICT OF VERMONT
```

United States of America    :
                            :
   v.                       :      File No. 2:96-CR-69
                            :
William L. Abernathy        :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 48 and 55)

Defendant William L. Abernathy, proceeding *pro se*, has moved for re-sentencing in light of the U.S. Supreme Court's rulings in Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005). (Paper 48). The government has opposed the motion, arguing that Blakely and Booker cannot be applied retroactively to Abernathy's 1998 sentence. Abernathy has consented to having his motion construed as a motion brought pursuant to 28 U.S.C. § 2255. (Paper 55). For the reasons set forth below, I agree with the government and recommend that Abernathy's § 2255 motion be DENIED.

Factual Background

On March 16, 1998, Abernathy was sentenced to 180 months in prison and three years of supervised release following his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Abernathy appealed his sentence, and on April 18, 1999,

the Second Circuit summarily affirmed.  (Paper 47).

Abernathy claims that at sentencing, Judge Sessions stated that he did not agree with the sentence but that his "hands were tied" because the law restricted "what [he] could do." (Paper 48 at 2).  Judge Sessions allegedly told Abernathy that "if the law ever changed," Abernathy "could immediately petition [the] Court and the prosecutor would have to except [sic] a change of sentence to no more than 36 months if that." Id. at 1-2.  In a motion to amend his claim, Abernathy has reiterated his assertion that Judge Sessions invited him to file a petition if there was ever a change in the law.  (Paper 55).[1]  Abernathy now moves the Court for relief under Blakely and Booker.

## Discussion

The Supreme Court's Booker decision held that the Federal Sentencing Guidelines "violated the Sixth Amendment to the extent that they allowed the maximum sentence authorized by a guilty plea or a verdict to be increased based on findings of fact (other than the fact

---

[1] The motion to amend does not add any substantive claims, and merely clarifies that Abernathy is seeking relief under Blakely and Booker/Fanfan.  (Paper 55).

of a prior conviction) made by the judge." Guzman v. United States, 404 F.3d 139, 141 (2d Cir. 2005) (citing Booker, 125 S. Ct. at 755-56). In Guzman, the Second Circuit held that Booker does not apply retroactively to cases on collateral review that became final prior to the Booker decision. Id. at 144. Specifically, the Guzman court determined that although Booker established a new rule of constitutional law, the rule was procedural rather than substantive. Id. at 141-42. Guzman further held that the rule announced in Booker did not establish a "watershed rule 'implicating the fundamental fairness and accuracy of the criminal proceedings,'" and thus could not be applied retroactively. Id. at 142-43 (quoting Schriro v. Summerlin, 124 S. Ct. 2519, 2523 (2004)).

Consequently, the law in this Circuit is that Booker is not retroactive, "i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker was issued." Id. at 144. Similarly, courts in this Circuit have uniformly held that Blakely may not be applied retroactively. See Green v. United States,

3

397 F.3d 101, 103 (2d Cir. 2005) ("[N]either Booker nor Blakely apply retroactively to [petitioner's] collateral challenge" for purposes of second or successive motion); Carmona v. United States, 390 F.3d 200, 202 (2d Cir. 2004) (the Supreme Court has yet to make Blakely retroactive on collateral review); see also Steele v. United States, 2005 WL 704868, at *16 n. 18 (S.D.N.Y. Mar. 29, 2005); Nnebe v. United States, 2005 WL 427534, at *9 (S.D.N.Y. Feb. 22, 2005).

In this case, Abernathy's conviction and sentence became final in 1999, several years before the Booker and Blakely decisions were issued. Because the law in this Circuit bars retroactive application of those decisions, Abernathy's sentence, calculated according to the Federal Sentencing Guidelines in effect at that time, cannot be changed. I therefore recommend that his § 2255 motion be DENIED.

## Conclusion

For the reasons set forth above, I recommend that Abernathy's motion for re-sentencing (Paper 48), filed pursuant to 28 U.S.C. § 2255 be DENIED. To the extent that Abernathy's motion to amend (Paper 55) requires a

ruling, that motion is DENIED.

Dated at Burlington, in the District of Vermont, this 26th day of May, 2005.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).